■ NORMAN C. LANSING, Respondent, v. DELBERT J. TOTTEY, Defendant, and EVELYN M. FARNHAM, Appellant.— GABRIELLI, J. Appeal from a judgment of the Supreme Court, entered January 18, 1968 in Cortland County, upon a verdict at a Trial Term in favor of plaintiff and from an order denying a motion to set aside the verdict. The only issue before us is appellant's claim of excessiveness of the verdict, liability having been admitted prior to the trial. The injuries for which plaintiff was awarded a verdict for $6,500 resulted from a vehicular collision which caused plaintiff's truck to be turned over on its side. Essentially, there is no dispute regarding the injuries and their consequences. Plaintiff suffered lacerations of his left elbow requiring several sutures with a resultant permanent scar, as well as an injury to his left leg which also resulted in permanent scar tissue in the form of several lumps involving the muscles in his thigh. At the time of the trial, some 2½ years following the accident, the testimony shows that plaintiff still has periodic pain from the inelastic scar tissue which binds the thigh muscle in his left leg. The testimony further revealed that surgery for this was not indicated. It further appears that plaintiff was hospitalized for five days, was confined to his home for one month thereafter and lost considerable time from his employment. Upon this record the jury's determination must be upheld. " It is only where it can be said that the verdict is clearly excessive that interference is justified. 'That another trier of the facts might well have arrived at a lower amount is not the test (*Colby* v. *Drew*, 15 A D 2d 846), nor is the amount of special damages an absolutely controlling factor (*Becker* v. *Ginsberg*, 23 A D 2d 916) ' (*Sandor* v. *Katz*, 27 A D 2d 766) " (*MacArthur* v. *Coxon Real Estate*, 28 A D 2d 1191, 1192; mot. for lv. to app. den. 21 N Y 2d 643.) Appellant's reliance on *MacDormand* v. *Auchenpaugh* (29 A D 2d 1022) is not supportive of her claim for a reduction of the verdict. Here, the existence of a permanent injury, hospital confinement, continued pain, loss of work and an absence of any prejudice entering the case fully distinguishes the present case from *MacDormand*. Judgment and order affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli J.